FILED
2007 Jun-14 AM 11:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JACKSON'S ROCKY RIDGE PHARMACY, INC., and PEARSON'S PHARMACY, INC.,** on behalf of themselves and others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action Number **2:05-cv-0702-UWC** |
| v. ) ) | |
| **ARGUS HEALTH SYSTEMS, INC.,** ) ) ) | |
| Defendant**.** ) | |

## MEMORANDUM OPINION AND ORDER
## APPROVING FINAL SETTLEMENT

The issue before the Court is whether it should approve the Settlement

Agreement negotiated by the parties. Based on the Opinion which follows, the

answer is in the affirmative.

### I. Background

On April 4, 2005, this case was initiated as a class action by two

independent pharmacies, Jackson's Rocky Ridge Pharmacy, Inc., ("Rocky Ridge")

and Pearson's Pharmacy, Inc., ("Pearson") alleging that when Defendant Argus Health Systems, Inc. ("Argus") calculates brand name drug reimbursements for the pharmacies, Argus does not properly take into account the actual average wholesale price ("AWP") of the drugs as required by their contracts. Essentially, the Plaintiffs allege that Argus utilizes AWP data, from nationally recognized sources, that does not accurately reflect the current AWP on the date that the drug was dispensed to a customer.

On behalf of themselves and similarly situated pharmacies, Rocky Ridge and Pearson claim misrepresentation/suppression, breach of contract, and unjust enrichment. (Doc. 58.) They seek only injunctive and equitable relief. *Id.*

Argus vigorously denies all of the Plaintiffs' claims and allegations of wrongdoing, and it has asserted several affirmative defenses.

After considerable discovery and extensive arms-length negotiations, the parties reached a proposed settlement and filed with the Court a Stipulation of Settlement on December 21, 2006. (Doc. 82; *see* Doc. 86.)

On February 6, 2007, the Court entered an order conditionally certifying a proposed settlement class under F. R. Civ. P. 23(b)(2) and preliminarily approving the proposed settlement. Additionally, the Court ordered proper notice to the proposed settlement class, and afforded the class members an opportunity to

object to the settlement, and to be hard in opposition.

The Court conducted a fairness hearing on May 14, 2007. At that time, the terms of the proposed settlement were explained, and class members were afforded an opportunity to be heard in opposition to the proposed settlement. After hearing arguments from counsel, including counsel for one of the objectors, the Court announced that the settlement would be approved.

## II. The Terms of the Proposed Settlement

The Stipulation of Settlement provides retroactive and prospective equitable relief to

> [A]ll pharmacies located in the United States, or its territories that had one or more written contracts with Argus Health systems, Inc., that were in effect on or after February 14, 1999, and contained a formula for reimbursement of brand name drug claims that included the phrase "Average Wholesale Price" or "AWP."

(Doc. 86.)

For the upcoming two and a half years, the settlement requires Argus to calculate reimbursements to class members on the "Same Day," using the most current available AWP data, rather than the annual, semi-annual, or monthly national drug data calculations. Also, under the terms of the settlement, eight times more brand name prescriptions claims will be covered than those covered

during the preceding six years. The reimbursements to the class members will be substantial. The Court finds that the value of this prospective equitable relief is $49.8 million.

Moreover, members of the settlement class may submit claims for retroactive reimbursements for certain brand name drug transactions submitted to the Defendant between October 1, 2003, and December 31, 2006. Class members who submit valid and complete claims by the August 17, 2007, claims deadline will be entitled to have eligible transactions re-calculated, using a procedure to approximate what would have been the most current available AWP data at the time the prescription was dispensed. Each class member will be entitled to sixty percent (60%) of any difference between the re-calculated amount and the amount of its original reimbursement. The value of the retroactive equitable relief is $1.4 million.

Class counsel agree to accept, and Argus agrees not to oppose, an award of attorneys' fees, costs, expenses, and incentive payments in an amount not to exceed One Million three Hundred Thousand Dollars ($1,300,000.00). Class counsel have reasonably incurred expenses of $33,530.15 in the prosecution of this action. At the urging of class counsel, each of the named Plaintiffs will receive $20,000 from the attorneys' fee award as an incentive payment, to

compensate them for the time spent and the risks undertaken in the representation of the class.

### III. Objections to the Settlement

Roughly 23,000 notices of the proposed settlement were mailed to class members representing over 60,000 pharmacy locations. Only three objections were filed with the Court.[1]

The first objection comes not from a settlement class member, but from the Executive Director of the Garden State Pharmacy Owners ("GSPO"), an organization of approximately 650 independent pharmacy owners in the State of New Jersey. (Doc. 91.) The objection is two-fold: 1) the failure of the Stipulation of Settlement to provide 100% recovery for retroactive reimbursements to the class members, and 2) the requirement of a compact disk ("CD") where the claim form includes five or more eligible transactions. (Doc. 91.)

CVS Pharmacy, Incorporated ("CVS"), on behalf of itself and its retail affiliates interposed three objections to the settlement: 1) the claims process is too onerous, 2) the injunctive relief is illusory and of little value to the class, and 3)

---

[1] Additionally, the Clerk of the Court received a letter from Westlake Village Pharmacy ("Wetlake") of Westlake Village, California. In the letter, Westlake simply indicates that it does not wish to participate in the settlement. (Doc. 95.)

the proposed fee award is unreasonably high.[2]  (Doc. 93.)

Finally, the objection of Lakeland Pharmacy ("Lakeland") of Ronkonkoma, New York, mirrors the second prong of GSPO's objection, namely, that the CD requirement is unreasonable.  (Doc. 94.)

The objections to the claims procedures, including the required CD for multiple eligible transactions, have little, if any merit.  It is indeed true that the class members who seek retroactive relief are required to furnish the manpower and bear the costs associated with collecting and submitting their claims under the proposed settlement agreement.  But there is nothing unusual or overbearing about these procedures.  The proposed settlement is the generic class action settlement in which each class member who seeks damages from the settlement fund must file and substantiate its claim.  This requirement is no more onerous than that to which each of the class members would have been subjected had they filed a separate lawsuit against the defendant and prevailed on the substantive claim.  Even so, each would have been required to prove the damages to which they claimed entitlement.

GSPO's objection to the failure of the proposed settlement to provide total

---

[2] Only CVS appeared at the fairness hearing in opposition to the proposed settlement.

retroactive recovery ignores the fundamental reality that this is a settlement, not a judgment on the merits.  As noted earlier, Argus denies any wrongdoing; and it has vigorously defended its conduct.  The Plaintiffs have not, and probably could not have obtained summary judgment in favor of the class; and it is reasonably foreseeable that the Plaintiffs would not have prevailed at trial.  In that event, assuming that the Plaintiffs would have satisfied the formidable class certification requirements, the class members would have received nothing. Considering that the settlement provides total prospective relief, it is unremarkable that  retroactive reimbursements are limited to sixty percent.

CVS's assertion that the settlement provides only illusory benefits is simply untrue.

CVS's objection to the proposed fee award is likewise groundless.  Class counsel have already expended over 1200 hours in the prosecution of this case, and they are committed to many additional hours in the administration of the settlement, for which they will receive no additional compensation.  Using a multiplier of two, they have already earned the fee proposed in the settlement.

Moreover, the monetary value of the proposed settlement is over $50 million.  Ordinarily, in contingent fee cases such as this, plaintiff's counsel is entitled to a fee ranging  from a third (33%) to forty percent (40%) of the recovery.

Here, the requested fee represents only 2.5% of the recovery.

There is no question of the skill and expertise of class counsel. They undertook representation of the Plaintiffs with the full understanding that in the absence of settlement or prevailing at trial, they would not receive a fee. The results they have obtained are significant.

## IV. Additional Considerations

In addition to the lack of objection from the overwhelming majority of class members and the lack of merit in the three objections, the Court has considered the usual factors in determining whether to approve the proposed settlement. These factors include: 1) the likelihood of success at trial; 2) the range of possible recovery; 3) the complexity, expense, and duration of the litigation; 4) the stage of the proceeding at which settlement was reached and the costs of continued litigation; 5) the opinion of counsel as to the reasonableness of the settlement; and 6) the difficulty in certifying a class under the existing law of the Eleventh Circuit. All of these factors militate heavily in favor of approval.

## Conclusions

In summary, the Court FINDS that the proposed settlement is fair, reasonable, and adequate. The Court further FINDS that the proposed settlement

is not tainted by collusion, but that it is the good faith product of arms length, hard-fought, and extended negotiations between the parties.

Consistent with the Stipulation of Settlement, the Court hereby awards class counsel the sum of $1.3 million as a reasonable attorneys' fee, along with reimbursement of costs and expenses. From that award, each of the named Plaintiffs shall receive $20,000 as an incentive payment.

By separate Order, the proposed settlement will be approved and the case dismissed.

Done this 13th day of June, 2007.

_____
U.W. Clemon
United States District Judge